86 F.3d 1155
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mirko BRNJIC, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 95-3896.
 United States Court of Appeals, Sixth Circuit.
 May 28, 1996.
 
 Before: KRUPANSKY, DAUGHTREY, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Mirko Brnjic appeals a district court judgment affirming the Commissioner's denial of his application for social security disability insurance benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Brnjic filed an application for social security disability insurance benefits alleging that he suffered from back pain. Following a hearing, an administrative law judge (ALJ) determined that Brnjic was not disabled prior to the expiration of his insured status. The ALJ found that Brnjic could perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's decision.
 
 
 3
 Brnjic then filed a complaint seeking review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Commissioner.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 Brnjic has submitted medical evidence in his brief that was not presented to either the Commissioner or the district court. Our review of the record is limited to the evidence presented to the Commissioner. Id. Accordingly, this evidence is not reviewable on appeal.
 
 
 6
 Brnjic contends that he satisfies § 1.05C of 20 C.F.R. Part 404, Subpart P, Appendix 1. Brnjic cites medical evidence that existed after the expiration of his insured status to support his argument. However, the evidence which existed prior to the expiration of Brnjic's insured status simply does not establish that he satisfies a listed impairment or that he is unable to perform a substantial number of jobs in the economy.
 
 
 7
 Accordingly, we affirm the district court's judgment.